UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 12-21370-CIV-MORENO

ATAIN SPECIALTY INSURANCE COMPANY,

    Plaintiff,

vs.

MIAMI DRYWALL & STUCCO, INC. ET AL.,

    Defendants.
_____/

## ORDER GRANTING IN PART DEFENDANT COASTAL'S MOTION TO DISMISS

The Petitioner is an insurance company who seeks a Declaratory Judgment by this court as to two issues: (1) its duty to defend its insured, Miami Drywall & Stucco Inc., in a pending state court action and (2) its duty to indemnify same. The pending state court action arose from construction defects at a project in Miami-Dade county; Miami Drywall and the other named defendants in this case were subcontractors in that construction. Compl. ¶¶ 35-43. Three causes of action were filed against Miami Drywall in the underlying state court case; Miami Drywall then sought coverage of these claims from its insurer, the Plaintiff in this federal action. Compl. ¶¶ 42-43. The Plaintiff filed this declaratory judgment action seeking a ruling that there is "no coverage for the claims" brought in the underlying state court action. ¶ 46. The Plaintiff in the instant case is not a party in the underlying state court action. ¶¶ 35-43. Along with Miami Drywall, the Plaintiff has also named as defendants in this action all the other subcontractors that might file claims against the Plaintiff's insured, Miami Drywall. These subcontractor defendants are the parties whom Plaintiff might have to indemnify to the extent that its insured, Miami Drywall, is found liable in the underlying state court action. The Plaintiff named these subcontractors in order to obtain a judgment that it has no duty to indemnify any claims they may bring against Miami Drywall.

## Legal Analysis

The Plaintiff's complaint does not break down its declaratory judgment action into the two separate issues of defending and indemnifying, but only pleads insurance coverage in general. However, the Court distinguishes these two issues for the sake of judicial efficiency because only the defending issue is currently ripe.

### A. Duty to Defend

An insurer's duty to defend is triggered when the complaint states facts that could bring the injury within the policy's coverage. *State Farm Fire & Cas. Co. v. Steinberg*, 393 F.3d 1226, 1230 (11th Cir. 2004). "If the allegations in the complaint state facts that bring the injury within the policy's coverage, the insurer must defend regardless of the merits of the lawsuit." *Id.* In the face of such a complaint, a controversy over an insurer's duty to defend is ripe for declaratory relief. *Colton v. Swain*, 527 F.2d 296, 303 (7th Cir. 1975). "The duty to defend is separate and apart from the duty to indemnify and the insurer may be required to defend a suit even if the later true facts show there is no coverage." *Trizec Prop., Inc. v. Biltmore Const. Co., Inc.*, 767 F.2d 810, 812 (11th Cir. 1985).

A court should not abstain from ruling on a declaratory action when "there is no parallel litigation in state court addressed the same issues between same parties that would resolve the insurance coverage dispute at issue." *Smithers Const., Inc. v. Bituminous Cas. Corp.*, 563 F. Supp. 2d 1345, 1348 (S.D. Fla. 2008). In *Smithers*, the district court retained jurisdiction over the question of the insurer's duty to defend when an underlying liability action was pending in state court but did not include the insurance coverage issue. *Id.* The court ruled that it would retain jurisdiction over both issues of the duty to defend and to indemnify, but that it would only address the duty to defend until the underlying liability action was resolved in state court. *Id.* at 1349.

The facts in this case are similar to those in *Smithers*; there is a parallel state court proceeding

on the liability of the subcontractors, but Plaintiff is not a party to that action and there is no state court proceeding on Plaintiff's insurance coverage issue. Accordingly, this declaratory judgment will proceed only on the issue of Plaintiff's duty to defend its insured Miami Drywall. As detailed in the following section, the declaratory judgment on the issue of Plaintiff's duty to indemnify will be stayed.

## B. Duty to Indemnify

The issue of Plaintiff's duty to indemnify Miami Drywall could be mooted in one of two methods. First, this court could find that the Plaintiff has no duty to defend Miami Drywall and therefore no duty to indemnify same. "Under Florida law, the duty to defend is much broader than the duty to indemnify. As a result, a court's determination that the insurer has no duty to defend requires a finding that there is no duty to indemnify." *Phila. Indem. Ins. Co. v. Yachtman's Inn Condo. Ass'n, Inc.*, 595 F. Supp. 2d 1319, 1322 (S.D. Fla. 2009)(internal citations omitted). Second, the underlying state court action could determine that Miami Drywall is not liable and therefore there is no need for indemnification, irrespective of a ruling on Plaintiff's duty to defend.

Thus, this court will only need to rule on Plaintiff's duty to indemnify Miami Drywall if two conditions happen: (1) this Court finds that Plaintiff has a duty to defend, and (2) the underlying state court action allocates at least some liability to Miami Drywall. "An insurer's duty to indemnify is not ripe for adjudication in a declaratory judgment action until the insured is in fact held liable in the underlying suit." *Atl. Cas. Ins. Co. v. GMC Concrete Co., Inc.*, 2007 WL 4335499, at *2 (S.D. Ala. Dec. 7, 2007). "[I]f factual questions as to the specific liability of the parties must be answered before deciding the issues presented in the instant case, this Court should not exercise jurisdiction and rule on those issues until the underlying factual questions are resolved." *Triple R Paving, Inc. v. Liberty Mut. Ins. Co.*, 510 F. Supp. 2d 1090, 1093 (S.D. Fla. 2007).

For the sake of conserving judicial resources and to avoid duplication of efforts between the federal and state court systems, the issue of Plaintiff's duty to indemnify Miami Drywall is stayed until either this Court rules Plaintiff has no duty to defend or until the occurrence of the two conditions described above. "It is not the function of a United States District Court to sit in judgment on these nice and intriguing questions which today may readily be imagined, but may never in fact come to pass." *Am. Fid. & Cas, Co. v. Pa. Threshermen & Farmers' Mut. Cas. Ins. Co.*, 280 F.2d 453, 461 (5th Cir. 1960).

## Conclusion

THIS CAUSE came before the Court upon the Defendant Coastal Masonry Inc.'s Motion to Dismiss **(D.E. No. 45)**, filed on **July 2, 2012**.

THE COURT has considered the motion and the pertinent portions of the record, and being otherwise fully advised in the premises, it is

**ADJUDGED** that the motion is GRANTED IN PART. This case is stayed as to all Defendants until the Florida state court issues a ruling on the liability of the Defendants in this case. The Plaintiff's action for a declaratory judgment on the issue of its duty to defend Defendant Miami Drywall & Stucco Inc. in the underlying state court action will proceed upon service of the complaint to Miami Drywall. As of the date of this order, no proof of service or waiver of service has been filed as to Miami Drywall. Pursuant to Fed. R. Civ. P. 4(m), if no service is effected on Miami Drywall by **August 30, 2012**, this case will be dismissed in full.

DONE AND ORDERED in Chambers at Miami, Florida, this 25 day of July, 2012.

FEDERICO A. MORENO
CHIEF UNITED STATES DISTRICT JUDGE

Copies provided to:
Counsel of Record